UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN ZHIFU NETWORK TECHNOLOGY CO., LTD, ET AL., | |
| Plaintiffs, | No. 24 CV 11277 |
| v. | Judge April M. Perry |
| CORE HOME FITNESS, L.L.C., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant's motion to dismiss the complaint for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. Doc. 15. As is set forth in more detail below, the Court finds that Plaintiffs have not properly established that this Court can exercise personal jurisdiction over Defendant or demonstrated that the Northern District of Illinois is the appropriate venue for this case. Therefore, the complaint is dismissed without prejudice. Plaintiffs are free to file this suit in the Northern District of Ohio, where not only will their personal jurisdiction and venue problems be solved, but they also will presumably be able to rectify any alleged issues with the service of process.

## BACKGROUND

Plaintiffs are China-based companies that own e-commerce stores which sold adjustable dumbbells. Doc. 1 ¶ 8. Defendant also owns an e-commerce store selling adjustable dumbbells, and furthermore holds U.S. Patent No. 7,614,983 B1 for adjustable dumbbells ("the 983 patent"). *Id*. ¶¶ 10-11, 15. According to the complaint, Defendant filed notices with various online retailers indicating that Plaintiffs' dumbbells may be infringing the 983 patent. *Id*. ¶ 13. As a result, Plaintiffs' dumbbells have been removed from at least one online storefront and Plaintiffs contend that they have "suffered significant financial losses." *Id*. ¶ 16. Plaintiffs filed the instant complaint requesting a declaratory judgment of non-infringement of the 983 patent (Count One), declaratory judgment of invalidity of the 983 patent (Count Two), and damages caused by fraudulent reports of patent infringement (Count Three). *Id*. at 13, 27, 28.

## ANALYSIS

A. **Personal Jurisdiction**

The Court begins with Defendant's argument that the complaint should be dismissed for lack of personal jurisdiction. A plaintiff has the burden of establishing personal jurisdiction once it is challenged in a motion to dismiss. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In ruling on the motion, courts may consider facts in affidavits submitted by the parties, but the plaintiff is entitled to have any disputed facts resolved in its favor. *Id*. For a fact to be truly disputed, once a defendant "has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id*. at 783.

The cause of action in this case arises under federal law. Doc. 1 ¶ 1. "In a case involving federal question jurisdiction, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *NBA Properties, Inc. v. HANWJH,* 46 F.4th 614, 620 (7th Cir. 2022) (internal quotations removed). Here, there is no federal law establishing personal jurisdiction that would apply. Therefore, the question becomes whether Illinois law authorizes the exercise of personal jurisdiction over Defendant.

The Illinois long-arm statute permits personal jurisdiction consistent with the Illinois Constitution and U.S. Constitution. 735 ILCS 5/2-209(c). Under the Due Process Clause of the U.S. Constitution, an out-of-state defendant is not subject to suit in a forum unless it "purposefully directed" its activities to that state and the litigation relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Moreover, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[1]

In this case, it is undisputed that Defendant is incorporated under the laws of Nevada and has its principal place of business in Ohio. Doc. 1 ¶ 10-11; Doc. 16-1 ¶ 4. Defendant has no physical presence in Illinois. Doc. 16-1 ¶ 4. The sole basis for personal jurisdiction asserted by Plaintiff is that "Defendant directly targets business activities toward consumers in the State of Illinois by setting up and operating fully interactive e-commerce stores … that target Illinois consumers, offers shipping to Illinois, accepts payment in U.S. dollar [sic] and, on information and belief, has sold products to residents of Illinois." Doc. 1 ¶ 7. The problem with Plaintiffs' personal jurisdiction argument is simple: Even if Plaintiffs' alleged facts are true, none of Defendant's contacts with Illinois gave rise to this litigation. Evidence of a defendant's online sales in a state can confer personal jurisdiction when the cause of action arises from defendant's online sales; online sales do not confer personal jurisdiction when the cause of action arises from some other alleged misconduct. *Compare Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019) (dismissing complaint for lack of personal jurisdiction where there was only evidence of a single online sale to Illinois and the suit was an intellectual property dispute that was about

---

[1] Plaintiffs argue only for specific jurisdiction over Defendant, they do not allege that the Court has general jurisdiction. Doc. 19 at 4. Therefore, the Court proceeds with the analysis based solely upon specific jurisdiction.

"an out-of-state defendant's refusal to pay royalties on sales made nationwide"), *and Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 801 (7th Cir. 2014) ("Not only did [plaintiff] fail to link the few sales to [defendant's] litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper."), *with NBA Properties, Inc. v. HANWJH,* 46 F.4th 614 (7th Cir. 2022) (defendant's sales of infringing products to Illinois customers found to support personal jurisdiction in an infringement case), *and Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, (7th Cir. 2020) (same), *and uBID, Inc. v. The GoDaddy Group, Inc*., 623 F.3d 421, 431 (7th Cir. 2010) ("the contacts alleged in [plaintiff's complaint] and the wrongs alleged in [plaintiff's] complaint are so intimately related that [defendant] cannot reasonably have been surprised to find itself sued in Illinois"). Here, the cause of action does not arise from Defendant's online sales but, as discussed below, from some other alleged misconduct.

In this case, the alleged misconduct is Defendant trying to enforce patents that are either invalid or which Plaintiffs' products do not infringe. The closest Plaintiffs can bring Defendant's patent enforcement activity to Illinois is through the theory that perhaps the removal of Plaintiffs' products from Amazon resulted in increased Amazon sales to Defendant in Illinois. However, this theory is neither alleged in the complaint nor supported by any evidence. In addition to the lack of evidentiary support for the argument, the Court does not believe that such an attenuated connection to the forum can support specific jurisdiction in light of the Seventh Circuit's opinion in *Matlin v. Spin Master Corp*., 921 F.3d 701 (7th Cir. 2019). In *Matlin*, the plaintiff alleged in the complaint that the defendant refused to pay royalties it owed for certain online sales. In support of the exercise of personal jurisdiction in Illinois, the plaintiff showed that one online sale for which it alleged defendant would have owed royalties occurred in Illinois. In holding that the exercise of personal jurisdiction over the defendant would be improper, the Seventh Circuit found that the "Illinois sales are not the issue here" and that the issue alleged in the complaint was instead the royalty agreement and whether it bound the parties. *Id*. at 707. In this case, Defendant's online sales are even less the issue than they were in *Matlin*, given that Plaintiffs' cause of action does not depend on Defendant selling dumbbells at all. What is at issue here is whether the 983 patent is valid, whether *Plaintiffs* (not Defendant) infringed that patent, and whether Defendant's reporting of potential infringement to various online marketplaces was fraudulent. Simply put, the Court cannot conclude that this litigation relates in any way to Defendant's online sales in Illinois.

Defendant does not maintain a place of business in Illinois or have any employees in Illinois and no part of the cause of action was alleged to have been committed in Illinois. Although Defendant may have offered online sales of its products to customers in Illinois, the Court cannot conclude that this litigation relates to those online sales. Given these extremely tenuous links to Illinois, the Court does not believe that subjecting Defendant to suit here comports with traditional notions of fair play and substantial justice. For all of these reasons, the Court concludes that Plaintiff has not met its burden of establishing a prima facie case for the exercise of personal jurisdiction over Defendant, and the complaint shall be dismissed.

B. Venue

Defendant also argues that the Northern District of Illinois is the wrong venue for this case. Pursuant to 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no district in which an action may be brought, any district in which the defendant is subject to the court's personal jurisdiction. For the purposes of venue under section 1391, defendant corporations are considered residents of any state in which they are subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2).

As is discussed above, Defendant is not subject to the personal jurisdiction of this Court and no substantial part of the events giving rise to the claim occurred in Illinois; therefore, venue is not proper under section 1391(b)(1), (b)(2), or (b)(3). Section (b)(3) is also inapplicable for the additional reason that this action could have been brought in the Northern District of Ohio where Defendant has its principal place of business and has conducted all of its patent enforcement activity. For these reasons, the Court concludes that venue for this action does not lie in the Northern District of Illinois.

## CONCLUSION

Defendant's motion to dismiss the complaint for lack of personal jurisdiction and improper venue [15] is granted. The complaint is dismissed without prejudice.

Dated: February 5, 2025

*April M Perry*

United States District Judge